NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

REDWING CARRIERS, INC., Respondent.

No. 77–3161.

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1978.

Rehearing Denied Feb. 12, 1979.

James C. Hill, Circuit Judge, concurred in part and dissented in part and filed opinion.

Elliott Moore, Deputy Associate Gen. Counsel, Jay Shanklin, Supervisor, Patricia C. Matthews, Atty., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Alexander E. Wilson, Atlanta, Ga., for respondent.

Before JONES, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

The National Labor Relations Board found that Redwing Carriers, Inc., the respondent, violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., by unlawfully interrogating and threatening employees with loss of jobs and other reprisals for engaging in union activities, creating an impression of surveillance, and soliciting employees to speak to other employees in opposition to a union. The Board further found that the discharges by Redwing of three employees were motivated by their union activities, and therefore violated Section 8(a)(3) of the Act. The Board's order requires the Company to cease and desist from the unfair labor practices found and requires Redwing Carriers to offer the discharged employees immediate and full reinstatement to their former or substantially equivalent positions, to make them whole for any loss of pay they may have suffered and to post appropriate notices, 224 NLRB 530.

The question before the Court is whether there is substantial evidence on the record as a whole to support the Board's findings. Although the Board disagreed with its Administrative Law Judge in some of its findings and one of the members of the Board disagreed with the other two members of the Board panel as to some of the findings, there is substantial evidence in support of the findings. It follows, therefore, that the Board's order will be

ENFORCED.

JAMES C. HILL, Circuit Judge, CONCURRING in part; and DISSENTING in part:

Although I concur with my brothers regarding the violation of section 8(a)(1), I cannot find the requisite substantial evidence on the record as a whole to support the Board's findings regarding the violation of section 8(a)(3) of the Act. *Universal Camera Corp. v. N. L. R. B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). My reading of the record reveals, instead, that the three employees were discharged for violating specific company rules. In addition, it is not at all clear that the employer was even aware of their minimal union activities.

The evidence shows that employee Lowe was discharged, in accordance with the written rule, for tampering with the governor on a tractor that he drove. The Board's inference of disparate treatment will not withstand scrutiny because the undisputed evidence is that the employer had never previously been able to ascertain the precise identity of the perpetrator of a governor tampering offense, thus the absence of previous discharges.

Employee Turner was barred from the premises of one of the employer's customers. A specific company rule provides that employees are subject to immediate dismiss-

al if they are barred by a customer from making deliveries at the customer's place of business. The overwhelming evidence showed that the employer had uniformly terminated employees where a customer had so complained, and there is nothing in the record which demands a contrary conclusion as to Turner's dismissal.

Employee Edwards was discharged for having falsified his employment application in regard to his previous driving record. Although management problems at Edwards' terminal delayed his dismissal, the directive to discharge him was given before he had even signed a union card. The record, as I read it, simply does not support any conclusion other than that Edwards was dismissed for violating a legitimate company rule which had been enforced against other employees as well.

In summary, I find that the record overwhelmingly supports the employer's decision to terminate the three employees for their violation of legitimate company rules. The evidence of the company's awareness of the employees' minimal involvement with the union campaign is far short of persuasive. I fear that the majority's decision can be construed as having the impermissible effect of permitting union activity to act as a nearly absolute insulation from discharge. *See Mueller Brass Co. v. N. L. R. B.*, 544 F.2d 815, 819 (5th Cir. 1977). Had these employees not established the slight union affiliation that they did, then I cannot imagine that their discharges for good cause would have been questioned. I respectfully dissent from that portion of the majority opinion relating to the 8(a)(3) discharges.