99 F.3d 448
 321 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MEDICAL CENTER OF OCEAN COUNTY, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 95-1043.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 7, 1996.
 
 On Petition for Review and Cross-Petition for Enforcement of an Order of the National Labor Relations Board.
 N.L.R.B.
 REVIEW DENIED.
 Before: HENDERSON, ROGERS and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on the petition for review and a cross-petition for enforcement of an order of the National Labor Relations Board (Board) and was briefed and argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 36(b). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED that the petition for review be denied and the Board's cross-petition for enforcement be granted.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41(a)(1).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The petitioner, Medical Center of Ocean County (MCOC), seeks reversal of a decision of the National Labor Relations Board (Board) finding that MCOC committed numerous unfair labor practices and unlawfully discharged an employee during the period leading up to a union election. Because we conclude there is substantial evidence to support the Board's findings, we deny MCOC's petition and grant the Board's cross-petition for enforcement. The Board's direction of a new election is not a final order reviewable by this court.
 
 
 5
 MCOC is a non-profit hospital system comprised of several facilities located in New Jersey. On April 12, 1993, the International Union of Operating Engineers (Union) filed a petition with the Board to represent skilled maintenance workers at two of MCOC's facilities. The Board granted the petition and issued a Direction of Election on May 27, 1993. At the June 1993 election the employees voted against the Union by a vote of 20 to 18.[1] The Union then filed objections with the Board contending that MCOC had committed various violations of section 8(a)(1) and section 8(a)(3) of the National Labor Relations Act (Act), 29 U.S.C. § 158(a)(1) and § 158(a)(3).[2]
 
 
 6
 An administrative law judge (ALJ) determined that MCOC had violated section 8(a)(1) of the Act by coercively interrogating employees, threatening employees with the loss of benefits, soliciting grievances, making promises to remedy employee complaints, soliciting employees to convince other employees not to support the Union and accusing employees of disloyalty. The ALJ also found that MCOC had violated section 8(a)(3) of the Act by discharging an employee because of his union support. The Board adopted the ALJ's decision in its entirety.
 
 
 7
 In its decision the Board found that an MCOC supervisor, Vic Schibla, told one employee that if the Union won the election the employee could lose everything. Schibla told another employee that the employee risked losing his pension and other benefits. Another MCOC supervisor, Martin Giacobbe, asked an employee what could be done to stop the Union. These statements constitute coercive interrogation and threats in violation of section 8(a)(1) of the Act. See Gold Coast Restaurant Corp. v. NLRB, 995 F.2d 257, 266 (D.C.Cir.1993); Avecor, Inc. v. NLRB, 931 F.2d 924, 931-32 (D.C.Cir.1991), cert. denied, 502 U.S. 1048, 112 S.Ct. 912, 116 L.Ed.2d 812 (1992). The Board found that supervisor Giacobbe asked an employee what problems the employees had with the company and offered to act as a middleman in passing any complaints along to higher level management. The Board also found that Dave Kaplan, the vice-president of MCOC, asked an employee to list employee grievances. After the employee had done so, Kaplan stated that the company had made mistakes and that he wanted to straighten them out.[3] Finally, immediately after a meeting in which the impending election was discussed, an MCOC supervisor, Robert Vogel, told two employees that they should give management six months and that if the employees' grievances had not been eliminated, they could vote the Union in at that time. These acts constitute unlawful solicitations of grievances and promises of benefits in violation of section 8(a)(1) of the Act. See St. Francis Federation of Nurses & Health Professionals v. NLRB, 729 F.2d 844, 852-53 (D.C.Cir.1984). MCOC supervisors also violated section 8(a)(1) by soliciting employees to convince other employees to give up the Union and by accusing employees of disloyalty. See Harpercollins San Francisco v. NLRB, 79 F.3d 1324, 1330 (2nd Cir.1996) (disloyalty); NLRB v. Redwing Carriers, Inc., 586 F.2d 1066, 1067 (5th Cir.1978) (solicitations). We find that there is substantial evidence in the record to support the Board's determinations in the above instances.
 
 
 8
 Although we affirm the Board on all of its findings of section 8(a)(1) violations, we note that, had Vogel's statement to the employees to "give management six months" occurred in isolation, it might not have constituted a violation of the Act. See St. Francis Federation of Nurses & Health Professionals, 729 F.2d at 852-53 (finding statement "just give us one year" violated Act but noting statement took place in context of numerous violations of Act and was not "isolated, innocuous statement."). Because our inquiry is one that is keyed to the totality of circumstances, see Williams Enterprises v. NLRB, 956 F.2d 1226, 1240 (D.C.Cir.1992), however, we uphold the Board under all of the circumstances of the case.
 
 
 9
 The Board also found that MCOC had knowledge of employee Cilento's support of the Union and that the circumstances surrounding his dismissal demonstrated that he was discharged because of his Union sympathies. We find substantial evidence in the record to support this finding and therefore affirm the Board's determination that MCOC unlawfully discharged Cilento in violation of section 8(a)(3) of the Act.
 
 
 10
 MCOC claims that even if it did commit unfair labor practices, they did not amount to substantial interference with the election so as to warrant the Board's direction of a new election. The Board's direction of a new election, however, is not a final order and is not reviewable. Gold Coast Restaurant, 995 F.2d at 267.
 
 
 
 [1]
 Six ballots were challenged. Two of the challenges were ultimately overruled. The two ballots were not opened, however, because even if they had both been in favor of the Union, the Union would have lost nonetheless on the resulting tie (20-20) vote. JA 36
 
 
 [2]
 The Union had twice filed charges before the election alleging unfair labor practices. The Board ultimately consolidated the unfair labor practice allegations with objections to the election and ballot challenges. JA 306-07
 
 
 [3]
 MCOC's asserted good faith, albeit erroneous, belief that the employee from whom Kaplan solicited grievances occupied a supervisor position is irrelevant to our evaluation of Kaplan's conduct. See Road Sprinkler Fitters, Etc. v. NLRB, 681 F.2d 1, 19 n. 7 (D.C.Cir.1982), cert. denied, 459 U.S. 1178, 103 S.Ct. 831, 74 L.Ed.2d 1025 (1983)